# Salem

## DANNY R. BROWN

v.

## RED RIVER COAL COMPANY

No. 1397-87-3

Decided November 4, 1988

COUNSEL

Mark W. Claytor, for appellant.

Raymond E. Davis, for appellee.

OPINION

MOON, J. — The Commonwealth appeals the judgment of the Circuit Court of Wise County vacating the Notice of Violation (NOV) issued to Red River Coal Company by the Virginia Division of Mined Land Reclamation (DMLR) pursuant to the Virginia Coal Surface Mining Control and Reclamation Act of 1979, Code § 45.1-226 *et seq.*

The issue raised on appeal is not whether the statute allows the state to impose money penalties on coal mine operators without a determination of fault, but merely whether the State can maintain a NOV against an operator if there is no determination of fault. Civil penalties were not imposed on Red River Coal Company at any point during the proceedings below; the State's only claim on appeal is that neither the DMLR hearing officer nor the trial court had the authority to vacate and expunge the NOV.

We find that the NOV must remain on the record regardless whether Red River was at fault. The language of the statute does not require a determination of fault for the issuance of the NOV, only that a violation exists:

Whenever the Director or his authorized representative determines that any permittee is in violation of any requirement of this chapter or any regulation thereunder, or any permit condition . . . [he] shall issue a notice of violation . . . and provide an opportunity for public hearing.

Code § 45.1-245(B). The determination of fault is not made during the NOV stage of the regulatory scheme; it is made at the public hearing, where the subject considered is the assessment of civil penalties.

The issue in this case is whether the Commissioner of DMLR may vacate a NOV issued by a DMLR inspector when the

commissioner finds that the coal operator was not at fault in causing the violation. The only consequence to either party in the resolution of this question is that if Red River violates the regulations in the future, DMLR may assess a greater penalty if this NOV is not expunged because the penalty provisions of the act allow greater penalties against repeat violators. The assessment of money penalties is in the discretion of the DMLR Commissioner, and the agency must consider the circumstances of each violation in question, including prior NOVs.

The laudatory goal of deterring future violations is best served by a rule preventing the vacation or expungement of NOVs, even in circumstances where the mine operator is not at fault. If Red River is allowed to invalidate the NOV because a third party disturbed its inactive mine, it may have no incentive to police the mine site in the future. Moreover, since Red River itself does not use the site any longer, it is likely that any disturbance of the site will be caused by third parties. The regulations impose an affirmative duty upon the permittee to keep the site in compliance with the terms of the permit and conditions imposed by the commission. To this extent, a fault-based NOV system would fail to record the frequency of noncompliance at the Red River site, while a NOV system that operates separately from the penalty process would at least provide a formal record of noncompliance, regardless whether a fine is imposed.

Separately, comity within the federal system requires that the NOVs not be vacated unless they are improperly issued. In *Hardly Able Coal Company v. Office of Surface Mining*, U.S.D.I. (No. NX-57-R, Aug. 30, 1985), the federal administrative law judge noted that there is a large body of federal authority which holds that in order to invalidate a NOV, a mine operator must "assume the ultimate burden of persuasion to show, by a sufficiency of credible evidence, that . . . the citations at issue were not properly issued." Federal legislative history and interpretation must control construction of the state law in these circumstances as a matter of simple federal preemption. A common tenet of modern federalism holds that in substantive areas preempted by the federal government, such as coal surface mine reclamation, states may not enact laws that are less restrictive than or inconsistent with the federal law. *See, e.g., Hodel v. Virginia Surface Mining & Reclamation Ass'n*, 452 U.S. 264, 290 (1981) (af-

firming the constitutionality of the Federal Act). The General Assembly recognized this when they passed the state Act:

If any provision of the federal Surface Mining Control and Reclamation Act of 1977 be enjoined or declared invalid, in whole or in part, by any court of competent jurisdiction, or be repealed, deferred or amended by Congress, with the result that the requirements of the federal Act for a regulatory program in Virginia are reduced or deferred, then the operation of the corresponding provision in chapter 19 of Title 45.1 shall thereupon be likewise reduced or deferred in order to achieve a corresponding result.

1979 Va. Acts, ch. 290. The General Assembly's intent was clearly to enact a statute that conformed to the federal act, but that was no more restrictive than the federal act. Since the federal act has been interpreted by federal authorities to mandate the issuance of NOVs to non-negligent mine operators, the Virginia act must also require the sustaining of the NOVs. If Virginia allows such NOVs to be vacated under its state law, the state law would be less restrictive than the federal act, violating both the condition of Virginia's regulatory "primacy" under the federal program, 30 C.F.R. § 733.1 (1987), and the terms of the State act's legislative history.

Therefore, we reverse the judgment of the Circuit Court of Wise County in this matter and order that the Notice of Violation issued to Red River Coal Company be reinstated.

*Reversed.*

Baker, J., and Coleman, J., concurred.